## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| TRUSTEES OF THE PLUMBERS AND PIPEFITTERS NATIONAL PENSION FUND<br>103 Oronoco Street<br>Alexandria, VA 22314<br><br>    Plaintiffs,<br><br>           v.<br><br>McREYNOLDS PROCESS PIPING AND PLUMBING, LLC<br>8155 Old Buffalo Road<br>Gracey, KY 42232<br><br>Serve:<br>Registered Agent and Member<br>James D. McReynolds<br>McReynolds Process Piping and Plumbing, LLC<br>8155 Old Buffalo Road<br>Gracey, KY 42232<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No._____<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## **COMPLAINT**

(FOR BREACH OF COLLECTIVE BARGAINING AGREEMENT;
TO COLLECT CONTRIBUTIONS DUE TO PLAINTIFF FUND
AND TO ENJOIN VIOLATIONS OF THE TERMS OF AN
EMPLOYEE BENEFIT PLAN)

### PARTIES

1.     Plaintiffs Trustees of the Plumbers & Pipefitters National Pension Fund (hereinafter the "National Pension Fund") are the trustees of a multi-employer employee benefit plan as those terms are defined in Sections 3(3) and 3(37) of the Employee Retirement Income Security Act of 1974, (ERISA), 29 U.S.C. §§ 1002(3) and (37).  The National Pension Fund is

established and maintained by a Restated Agreement and Declaration of Trust and by a Collective

Bargaining Agreement between United Association Local Union No. 184 and the Defendant.  The

National Pension Fund is administered at 103 Oronoco Street, Alexandria, Virginia 22314.

       2.     Defendant McReynolds Process Piping and Plumbing, LLC is a Kentucky

limited liability company existing under the laws of the Commonwealth of Kentucky with an

office located in Paducah, Kentucky.  Defendant transacts business in the Commonwealth of

Kentucky as a contractor or subcontractor in the plumbing and pipefitting industry and at all

times herein was an "employer in an industry affecting commerce" as defined in Sections 501(1),

(3) and 2(2) of the Labor-Management Relations Act (LMRA), 29 U.S.C. §§ 142(1), (3) and

152(2); Sections 3(5), (9), (11), (12) and (14) of ERISA, 29 U.S.C. §§ 1002(5), (9), (11), (12)

and (14); and Section 3 of the Multiemployer Pension Plan Amendments Act of 1980, 29

U.S.C. § 1001a.

JURISDICTION

       3.     This Court has jurisdiction of this action under Sections 502 and 515 of

ERISA, 29 U.S.C. §§ 1132 and 1145, and under Section 301 of LMRA, 29 U.S.C. § 185(a).  This

is an action for breach of a Collective Bargaining Agreement between an employer and labor

organizations representing employees in an industry affecting commerce, an action to collect

contributions due to an employee benefit plan under the terms of the Collective Bargaining

Agreement, and an action to enjoin the violation of the terms of an employee benefit plan.

COUNT I

       4.     Defendant is signatory to the Collective Bargaining Agreement with United

Association Local Union No. 184 establishing the terms and conditions of employment for

journeymen and apprentice plumbers and pipefitters employed by the Defendant.

5.      Pursuant to the Collective Bargaining Agreement, Defendant agreed to pay to the National Pension Fund certain sums of money for each hour worked by employees of the Defendant covered by the Collective Bargaining Agreement.

6.      Defendant employed certain employees covered under the Collective Bargaining Agreement during this period and continuing.

7.      Defendant has failed to make contributions due to the National Pension Fund for work performed at Defendant's request for the months of July 2018 through February 2019 on behalf of members in Local 184's jurisdiction.

8.      Defendant has failed to submit reports and pay contributions to the National Pension Fund for the months of July 2018 through February 2019; the amount of contributions owed for these months is past due by unknown because the Defendant's failure to submit reports identifying hours worked and amounts owed.

9.      Pursuant to the terms of the Collective Bargaining Agreement, Defendant is obligated to pay these contributions owed to the National Pension Fund.

10.     Defendant is bound to the Restated Agreement and Declaration of Trust.

11.     Pursuant to Article VI, Section 5 of the Restated Agreement and Declaration of Trust establishing the National Pension Fund, an Employer who fails to pay the amounts required by the Collective Bargaining Agreement on time shall be obligated to pay liquidated damages as follows:

> . . . If an Employer has failed to pay the amounts due when such amounts become due and payable, that Employer shall be considered delinquent.  The Trustees may assess liquidated damages against any delinquent employer in the amount of 10% of the amount due if payment is not received by the due date. . . .

12. Pursuant to this provision, Defendant is obligated to the National Pension Fund for liquidated damages for late payments for the months of July 2018 through February 2019 on the unreported and unpaid contributions for these months.

13. Interest is owed on all delinquent contributions and will continue to accrue at the rate of 12% per annum from the date due through the date of payment.

WHEREFORE, in Count I Plaintiff Fund prays for judgment as follows:

A. For unpaid contributions due and owing for the months of July 2018 through February 2019 in an amount currently unknown due to Defendant's failure to timely submit reports identifying the amount owed, plus interest assessed at a rate of 12% per annum pursuant to the Trust Agreement on the amount due from the date of delinquency until the date of payment, costs, and reasonable attorneys' fees, pursuant to 29 U.S.C. § 1132(g)(2) and 28 U.S.C. § 1961.

B. For liquidated damages owed on all unpaid and late paid contributions from the date due through the date of payment, plus costs and reasonable attorneys' fees pursuant to 29 U.S.C. § 1132(g)(2) and 28 U.S.C. § 1961.

C. For contributions to the National Pension Fund which become due after the filing of this lawsuit and up to the date of judgment, plus interest, liquidated damages, costs and attorneys' fees pursuant to 29 U.S.C. § 1132(g)(2) and 28 U.S.C. § 1961.

D. For such further relief as the Court may deem appropriate.

COUNT II

14. This Court has jurisdiction of this action under §§ 502(a)(3), (f), (g) and 515 of ERISA of 1974, 29 U.S.C. §§ 1132(a)(3), (f), (g) and 1145. This is an action to enjoin violations of the terms of employee benefit plans.

15.     Plaintiffs hereby adopt, incorporate and restate in Count II paragraphs 1 through 13.

16.     Defendant, pursuant to the Restated Agreement and Declaration of Trust establishing the National Pension Fund, agreed to make timely contributions to the National Pension Fund in the amounts and on the dates required by its Collective Bargaining Agreement with United Association Local Union No. 184 in order to maintain the plan of benefits provided through the National Pension Fund.

17.     Defendant has repeatedly failed to submit timely reports or contributions to the National Pension Fund in violation of the requirements of the aforementioned Restated Agreement and Declaration of Trust of the National Pension Fund.

WHEREFORE, in Count II Plaintiff Fund prays for judgment as follows:

A.     For a Court Order enjoining violations of the terms of the Plaintiff employee benefit plans and requiring Defendant to submit timely contributions and reports to the Plaintiff Funds.

B.     For such further relief as the Court may deem appropriate.

Respectfully submitted,

Date:  April 1, 2019                    By:  _____
                                         John R. Harney, Bar No. 41520
                                         Counsel for Plaintiff Funds
                                         O'Donoghue & O'Donoghue LLP
                                         5301 Wisconsin Ave., NW, Suite 800
                                         Washington, DC 20015
                                         Telephone No.:  (202)362-0041
                                         Facsimile No.:  (202)362-2640
                                         jharney@odonoghuelaw.com

By: _____
Rebecca Richardson, Bar No. 80855
Counsel for Plaintiff Funds
O'Donoghue & O'Donoghue LLP
5301 Wisconsin Ave., NW, Suite 800
Washington, DC 20015
Telephone No.:(202)362-0041
Facsimile No.:(202)362-2640
rrichardson@odonoghuelaw.com

323280_1

## **CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing Complaint has been served by certified mail, as required by 502(h) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132(h) this first day of April, 2019 on the following:

> The Office of Division Counsel
> Associate Chief Counsel (TE/GE) CC: TEGE
> Room 4300
> 1111 Constitution Avenue
> Washington, DC 20224
>
> Attention:  Employee Plans
>
> Secretary of Labor
> 200 Constitution Ave., N.W.
> Washington, DC  20210
>
> Attention:  Assistant Solicitor for
>              Plan Benefits Security

John R. Harney, Bar No. 41520
Counsel for Plaintiff Funds
O'Donoghue & O'Donoghue LLP
5301 Wisconsin Ave., NW, Suite 800
Washington, DC 20016
Telephone No.: (202)362-0041
Facsimile No.: (202)362-2640
jharney@odonoghuelaw.com

323280_1